**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEWIS I. HAGAN, et al., : | Civil Case No.: 06-4491 (JAG) |
| Plaintiffs, : | |
| v. : | **O P I N I O N** |
| GRACE ROGERS, Administrator, : et al., : | |
| Defendants. : | |

**APPEARANCES:**

    Lewis I. Hagan, Pro Se
    James Hemphill, Pro Se
    Charles Slaughter, Pro Se
    Ramoncito Ramos, Pro Se
    Robert P. Watson, Pro Se
    Adult Diagnostic and Treatment Center
    8 Production Way
    P.O. Box 190
    Avenel, NJ 07001

**GREENAWAY, JR.**, District Judge

Plaintiffs are confined at the Adult Diagnostic and Treatment Center, Avenel, New Jersey. They have submitted this Complaint under 42 U.S.C. § 1983, along with individual attachments to the Complaint, and individual applications for pro bono counsel, and have asked the Court to allow them to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915.[1] This

---

[1] The Court notes that Plaintiff Hagan has not submitted a complete IFP application in the instant case. However, Plaintiff is a plaintiff in another case pending in this Court, Hagan, et al. v. Rogers, et al., Docket Number 06-5033 (SRC). In that

requires the Court to determine whether Federal Rule of Civil Procedure 20 authorizes the joinder of these claims and plaintiffs and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## BACKGROUND

Plaintiff Hagan states that the listed plaintiffs in this case have been exposed to involuntary inhalation of tobacco smoke, and that there is a lack of adequate ventilation in the facility. He also states that his legal mail has been opened by corrections officers outside of his presence, and that the prices on outgoing legal mail have increased. He asks for monetary and injunctive relief.

Each additional plaintiff has submitted an addendum to the complaint. Each asserts similar claims with different factual backgrounds concerning second hand smoke exposure. Some assert the opening of legal mail claim, and others assert the claim regarding the cost of the legal mail increasing.

Plaintiffs ask for monetary and injunctive relief, to be permitted to proceed in forma pauperis, and for the appointment of pro bono counsel.

---

case, Plaintiff filed a completed IFP application that reflects that he does qualify to proceed IFP.

**ANALYSIS**

A.  <u>Joinder</u>

Title 28 of the United States Code, section 1915 governs proceedings <u>in forma pauperis</u> and imposes special limitations with respect to <u>in forma pauperis</u> actions brought by prisoners. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and

held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. See Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. See id. at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. April 12, 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. Jan. 30, 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.

A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or

not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233 at *4.

This Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that require individualized screening, pursuant to 28 U.S.C. § 1915(e)(2). The adequacy of the claim alleged by each Plaintiff is dependent upon his individual need and the behavior of prison officials with respect to that individual Plaintiff. Joinder of their claims, however, would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed. For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss all but the lead Plaintiff from this case. Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action. Each of the Plaintiffs will be granted leave to file a writing or an amended complaint asserting his desire to proceed with his individual claims.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

## CONCLUSION

For the reasons set forth herein, this Court finds that joinder of Plaintiffs' claims under Rule 20 is not suitable. An appropriate Order follows.

                                             S/Joseph A. Greenaway, Jr.
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED: May 7, 2007