<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ————————————————— : | Civil Case No.: 07-2163 (JAG) |
| CHARLES SLAUGHTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| GRACE ROGERS, Administrator, : | |
| et al., : | |
| : | |
| Defendants. : | |
| ————————————————— : | |

**APPEARANCES:**

Charles Slaughter, <u>Pro</u> <u>Se</u>
#491769
Adult Diagnostic & Treatment Center
8 Production Way
Avenel, NJ 07001

**GREENAWAY, JR.**, District Judge

This matter comes before the Court on Plaintiff's application for the appointment of <u>pro</u> <u>bono</u> counsel in the above-referenced civil rights case (docket entry 4).  For the following reasons, the Court will deny the motion, without prejudice.

<u>BACKGROUND</u>

Plaintiff has filed a civil rights complaint alleging violations of his constitutional rights due to inhalation of second-hand smoke and the opening of his legal mail.

Plaintiff asks for counsel based on the complexity of the issues presented and his lack of knowledge of the law, his inability to conduct investigation, the need for expert

testimony, and because he cannot afford to hire a private
attorney.  The defendants have not yet been served with the
instant complaint.

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be
made at any point in the litigation and may be made by the Court
*sua sponte.*  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993),
cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right
to counsel in a civil case.  See id. at 153-54; Parham v.
Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must
first examine the merits of Plaintiff's claim to determine if it
has "some arguable merit in fact and law."  See Tunnell v.
Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip
Copy)(citing Parham, 126 F.3d at 457)(other citations omitted).
If the court is satisfied that the claim is "factually and
legally meritorious," then the following factors must be
examined:  (1) a plaintiff's ability to present his or her own
case; (2) the complexity of the legal issues; (3) the degree to
which factual investigation will be necessary and the ability of
a plaintiff to pursue such investigation; (4) the amount a case
is likely to turn on credibility determinations; (5) whether the
case will require the testimony of expert witnesses; and (6)
whether a plaintiff can attain and afford counsel on his or her

2

own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was recently filed, and the named defendants have not yet been served. Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiff is capable of presenting the claims at this early stage.  He has

3

presented to this Court without the assistance of counsel a thorough Complaint, Amended Complaint, and the instant motion for appointment of counsel.  The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's application for appointment of <u>pro</u> <u>bono</u> counsel will be denied, without prejudice to Plaintiff renewing the motion, if necessary, as the litigation proceeds.  An appropriate Order accompanies this Opinion.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  May 25, 2007

4