**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                                    :
CHARLES SLAUGHTER,                     :
                                                    :
          Plaintiff,                    :
                                                    :         Civil Action No. 07-2163 (JAG)
           v.                             :
                                                    :             **OPINION**
GRACE ROGERS, et al.,                     :
                                                    :
          Defendants.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

       This matter comes before this Court on the motion to dismiss by defendants Grace Rogers ("Rogers"), George Hayman ("Hayman"), Bernard Goodwin ("Goodwin"), Sergeant Brown ("Brown"), Joseph D'Amico ("D'Amico"), Stuart Rabner ("Rabner"), and Captain Wright ("Wright," and, collectively with Rogers, Hayman, Goodwin, Brown, D'Amico, and Rabner, the "Moving Defendants"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted, and, alternatively, for summary judgment, pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Moving Defendants' motion to dismiss will be granted, in part, and denied, in part. This Court shall not consider Moving Defendants' motion as one seeking summary judgment.

## I.  BACKGROUND

       Pro se plaintiff Charles Slaughter ("Plaintiff") is a prisoner at the Adult Diagnostic & Treatment Center ("ADTC") in Avenel, New Jersey. (Am. Compl. at 3.) Plaintiff alleges that

Moving Defendants allowed individuals to smoke inside ADTC, which caused him to become exposed to secondhand smoke.  (Id. at 4-5.)  Plaintiff also complains that his legal mail was opened outside of his presence.  (Id. at 5.)

**A.**     **Secondhand Smoke Allegations**

On August 24, 2006, Plaintiff "went to the medical dept. on a sick call because [he] was having chest pain and problems breathing especially at night when locked in the dorm area." (Id.)  Plaintiff was diagnosed with "reactionary respiratory ailment," due to his exposure to secondhand smoke.  (Id.)  By about January 21, 2007, Plaintiff's medical condition "worsened to a point where Dr. Hochberg had to issue [him] a breathing inhaler to assist [him in] being able to properly breath [sic] . . . ."  (Id.)  The inhaler was prescribed "because Dr. Hochberg found that [Plaintiff's] once dormant [a]sthma condition had resurfaced and was again active."  (Id.)

In the Amended Complaint, Plaintiff notes various instances in which he expressed his complaints about the presence of secondhand smoke.  On August 22, 2006, "after over two (2) years of exposure to secondhand smoke at the A.D.T.C. facility . . . ," Plaintiff filed a formal complaint to "the administration at A.D.T.C. by way of a remedy form."  (Id. at 4.)  On August 30, 2006, Plaintiff submitted "form NHRP 2.03," requesting that his living area in "unit 7 left" be made a smoke-free environment.  On September 4, 2006, Plaintiff submitted another "remedy form (Form IRSF 101) to the medical dept. requesting that they formally speak to the administration about the effects of secondhand smoke on individuals exposed to it."  (Id.) However, "as of th[e] date [of this] complaint [Plaintiff has received] no responses to [his] reedy [sic] forms."  (Id.)

2

**B.**   <u>**Legal Mail Allegations**</u>

Plaintiff's "legal mail has come to [him] open via the daily regular mail run (i.e. [c]ounsel for [t]he I.R.S. and Federal Tax Court this happened on April 13 & 16, 2007 respectively)." (<u>Id.</u> at 5.)  Plaintiff states that "Sgt. Brown is aware that legal mail should not be opened outside our presence, because he knows the particulars of the issue and is aware that the legal mail should not be open[ed] outside of the presence of the inmate." (<u>Id.</u>)  "Sgt. Brown met with numerous individuals who had filed remedy forms about their legal mail being open[ed] . . . ." (<u>Id.</u>)  Nevertheless, "since the policy has been changed, [Plaintiff's] legal mail was lost by the mail room and [he] was forced to miss a scheduled court date in Union County Court on a pending civil suit . . . ." (<u>Id.</u>)

**C.**   <u>**The Amended Complaint**</u>

Plaintiff claims that Moving Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, as well as "1997(e)e, New Jersey's Clean Air Act N.J.S.A. 26.3D 55-63 [sic] and 28 U.S.C. § 1915(g)." (<u>Id.</u> at 2.)  The following summarizes the allegations raised by Plaintiff against each Moving Defendant:

1.   *Grace Rogers*

Rogers "[a]llows smoking by both Department of Correction personnel and inmate[s] to continue inside a state building in violation of state law 26:3D-55 thru 63." (<u>Id.</u> at 3.)  Plaintiff "submitted remedy complaint forms to Grace Rogers . . . [and asked] the medical [d]ept. to speak to Mrs. Rogers about what second hand [sic] smoke can do to individuals and the diseases it can cause . . . ." (<u>Id.</u> at 4.)

2. *George Hayman*

Hayman, the Commissioner of the New Jersey Department of Corrections (the "NJDOC"), "has acted with depraved indifference towards to [sic] the security and health of the Plaintiff by not ordering the enforcement of New Jersey [s]tate [l]aw which prohibits smoking inside State[-]owned building[s] and facilities . . . .  and is further negligent by continuing to allow the sell [sic] of tobacco products . . . ." (Id. at 7.)  Plaintiff also alleges that "Hayman's actions are in direct violation of the settlement entered into between the [t]obacco industry and the State of New Jersey, whereby both parties acknowledged the health risks associated with individuals breathing in second hand [sic] smoke from tobacco products." (Id.)  "By Commissioner Hayman continuing to allow tobacco products to be sold in New Jersey [p]risons he is acting with depraved indifference, manifest misconduct, negligence, and malice towards the individuals placed in his care . . . . and denying Plaintiff his civil and constitutional rights . . . ." (Id.)

3. *Bernard Goodwin*

Goodwin, the "Assistant Administrator [at] A.D.T.C., . . . has received and responded to remedy from [sic] placed by Plaintiff about the conditions on unit 7-Left in A.D.T.C. . . . [which] dealt with the smoking in the dorm living areas . . . and the dust which comes out of the air ventilation system . . . ." (Id.)  "Mr. Goodwin is acting with depraved indifference, manifest misconduct, negligence, and malice towards the individuals placed in his care . . . and denying Plaintiff his civil and constitutional rights . . . ." (Id.)

4. *Stuart Rabner*

Rabner, the "Attorney General [of] the State of New Jersey, is denying Plaintiff his right

4

to equal protection of the law by not ensuring the enforcement of New Jersey [s]tate [l]aw upon the N.J. Dept. of Corrections and allowing the D.O.C. to continue to allow smoking to take place inside D.O.C. building." (Id.) By "neglect[ing] . . . his duties to ensure that [s]tate [l]aw is being followed at A.D.T.C., [Rabner] is denying Plaintiff his right to equal protection of the law and forcing Plaintiff to live and exist in an unhealthy environment . . . ." (Id. at 8.)

     5.    *Captain Wright*

Wright, the "Acting Chief of Security for A.D.T.C., . . . has an obligation and duty to ensure that the laws, rules and regulations which pertain to [the] operation of D.O.C. facilities are enforced and carried out in accordance with set procedure . . . ." (Id.) Wright "has acted with depraved indifference in the functions of duties, in that he is not ensuring that the no smoking law is being followed in the buildings at A.D.T.C." (Id.)

     6.    *Joseph D'Amico*

D'Amico, "Commissary Manager [at] A.D.T.C., . . . continues to order and sell tobacco products at A.D.T.C., which he dose [sic] with knowledge of the documented health risk that tobacco products pose to the public." (Id.) These sales are performed "while making a profit at the health expense and risk being placed upon the Plaintiff." (Id.)

## II.  STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  That is, a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A

Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See W. Penn Power Co., 147 F.3d at 259; 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

The court's review of the sufficiency of a pro se complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A court must assume a pro se plaintiff's factual allegations are true and construe his claim liberally.  See Nietzke v. Williams, 490 U.S. 319, 330 n.9 (1999); Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

## III.  ANALYSIS

After liberally construing the Amended Complaint, this Court finds that Plaintiff has raised a Section 1983 claim alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff also alleges violations of the New Jersey Smoke Free Act (the "NJSFA") by Moving Defendants.[1]  Moving Defendants' arguments supporting dismissal of the aforementioned claims shall be analyzed seriatim.[2]

---

[1] Plaintiff alleges a cause of action under the "New Jersey Clean Air Act N.J.S.A. 26.3D 55-63 [sic]."  (Am. Compl. 2.)  However, New Jersey has no statute entitled the New Jersey Clean Air Act.  Since the citation provided in the Amended Complaint is that of the New Jersey Smoke Free Act, this Court shall construe the Amended Complaint to allege a violation of the New Jersey Smoke Free Act.

[2] As discovery has not yet been conducted, Moving Defendants' motion for summary judgment is premature.  See Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007).  The Third Circuit has stated that

**A.  Plaintiff's § 1983 Claims Against Moving Defendants in Their Official Capacities Are Barred by the Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest.").

The Supreme Court has held that a Section 1983 claim seeking damages against a state official in his official capacity must be dismissed because the real party at interest is the state and the state is not a "person" within the meaning of Section 1983.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 70-71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under 1983.").  Claims against state officers, acting in their official

<hr>

> [i]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.' This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record.  In this vein, the Supreme Court has explained that '[a]ny potential problem with . . . premature [summary judgment] motions can be adequately dealt with under *Rule 56(f)*.'"

Id. (emphasis in original) (internal citations omitted).  Based on the Circuit's rationale, this Court will not address Moving Defendants' arguments for summary judgment, except where those arguments alternatively support a valid argument for dismissal under Rule 12(b)(6).

capacity, are treated as suits against the state itself.  See Kentucky v. Graham, 473 U.S. 159, 166 (1986); Brandon v. Holt, 469 U.S. 464, 471-72 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents."); Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  State agencies and officials acting in their official capacities are routinely afforded Eleventh Amendment immunity.  Buckhannon Bd. & Care Home, Inc., v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 609 (2001); Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989).

According to N.J. STAT. ANN. § 30:1B-2, the NJDOC is a principal department of the state's executive branch.  Courts have consistently extended sovereign immunity to NJDOC officials in Section 1983 actions.  See, e.g., Casilla v. N.J. State Prison, No. 05-4590, 2006 WL 2534416, at *7 (D.N.J. Aug. 31, 2006) (finding Section 1983 claims against defendant in official capacity barred by the Eleventh Amendment).

This Court finds that Moving Defendants are entitled to sovereign immunity, as they are all named in the Amended Complaint in their official capacities as employees of the NJDOC. Rabner, the former Attorney General of New Jersey, likewise should be afforded immunity under the Eleventh Amendment against the Section 1983 claims raised against him in his official capacity.  See Ryerson v. New Jersey, No. 06-1214, 2007 WL 749813, at *6 (D.N.J. Mar. 7, 2007) (Greenaway, J.) (granting Eleventh Amendment immunity to Attorney General Zulima Farber against Plaintiff's Section 1983 claims).

Moving Defendants are entitled to Eleventh Amendment immunity, and Plaintiff's

9

Section 1983 claims against them, in their official capacities, must be dismissed.

**B.      Plaintiff's Section 1983 Claims Against Moving Defendants Does Not Rely On the Respondeat Superior Theory**

Moving Defendants also argue that summary judgment should be granted in their favor for Plaintiff's Section 1983 claims because the claims rely on the theory of respondeat superior, and Moving Defendants did not have any personal involvement in the alleged wrongs.  As explained *supra* in footnote 3 of this Opinion, Moving Defendants' motion for summary judgment is premature.  This Court, therefore, shall consider only whether dismissal of Plaintiff's claim is appropriate under Moving Defendants' proffered argument.

Local government units and supervisors are not liable under Section 1983 solely on a theory of respondeat superior.  See Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Dept. of Soc. Svcs., 436 U.S. 658, 690-91, 694 (1978); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellaciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence."  Id.; see also Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Moving Defendants argue that the Section 1983 claims should be dismissed because Plaintiff has not alleged any personal involvement by any of the parties.  With respect to Rabner, this Court agrees.  Plaintiff has alleged no facts showing that Rabner issued any personal directive or had any actual knowledge over the allegations set forth in the Amended Complaint.

All Section 1983 claims against Rabner must be dismissed.  However, the Amended Complaint alleges personal involvement, whether through direct action or acquiescence, by each of the Moving Defendants.  Specifically, Plaintiff alleges that Moving Defendants had knowledge of ongoing constitutional violations, and the power to remedy these violations.  Plaintiff's Section 1983 claims raised against Moving Defendants, in their individual capacities, shall not be dismissed.

**C.**   **Plaintiff Has Alleged Sufficient Facts to Support an Eighth Amendment Claim of ETS Exposure**

Moving Defendants next argue that Plaintiff's Eighth Amendment claim should be dismissed because Plaintiff cannot produce any evidence that he was exposed to unreasonably high levels of environmental tobacco smoke ("ETS"), or that Moving Defendants acted with deliberate indifference to his health or safety.  This Court finds that the Amended Complaint alleges facts sufficient to support Plaintiff's Eighth Amendment claim.

The Supreme Court has held that prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to an excessive level of ETS.  Helling v. McKinney, 509 U.S. 25, 35 (1993) ("We cannot rule at this juncture that it will be impossible for [plaintiff], on remand, to prove an Eighth Amendment violation based on exposure to ETS.").  A claim for violation of the Eighth Amendment may be based upon possible future harm to health, as well as present harm, arising from ETS exposure.  Id. at 33.

To obtain relief, a prisoner must satisfy a two-prong test.  The objective prong requires Plaintiff to show that the level of ETS to which he is exposed is unreasonably high, while the subjective prong requires Plaintiff to show that the prison officials have expressed "deliberate

indifference" to the health risks associated with secondhand smoke.  Id. at 35-37.

       1.    Objective Prong

To determine whether a Plaintiff is being exposed to unreasonably high levels of ETS

requires

> more than a scientific and statistical inquiry into the seriousness of
> the potential harm and likelihood that such injury to health will
> actually be caused by exposure to ETS.  It also requires a court to
> assess whether society considers the risk that the prisoner complains
> of to be so grave that it violates contemporary standards of decency
> to expose *anyone* unwilling to such a risk.

Id. at 36 (emphasis in original).  "In other words, the prisoner must show that the risk of which

he complains is not one that today's society chooses to tolerate."  Id.

Moving Defendants argue that Plaintiff cannot satisfy the objective prong of Helling

because there is no evidence to show that he was being exposed to unreasonably high levels of

ETS.   Further, they argue that there is a No-Smoking Policy at ADTC that is regularly enforced,

and that inmates are issued disciplinary charges for smoking in prohibited locations.

Plaintiff presents allegations that may support a finding that he was exposed to

unreasonably high levels of ETS.  Plaintiff states in the Amended Complaint that he was

"subjected to a substantial health hazard[,] specifically, elevated levels of second hand [sic]

smoke."  (Am. Compl. at 4.)  Plaintiff alleges exposure to secondhand smoke in dormitory

restrooms, on ramp walkways, and in dormitories.  (Id. at 4-5.)

Since consideration of Moving Defendants' summary judgment motion is not appropriate

at this time, Plaintiff is not required at this stage of the litigation to present evidence that would

entitle him to prevail.  Taking Plaintiff's allegations to be true, as is required at this juncture, this

Court cannot conclude that Plaintiff is unable to satisfy the objective prong of the <u>Helling</u> test.

      2.    <u>Subjective Prong</u>

Plaintiff has also alleged facts sufficient to satisfy the subjective prong of <u>Helling</u>.  "To prove deliberate indifference under the subjective component, an inmate must show that the defendant official knows that the inmate faces a substantial risk of serious harm, and disregards that risk by failing to take reasonable measures to abate it."  <u>Edwards v. Samuels</u>, No. 06-3758, 2007 WL 81884, at *7 (D.N.J. Jan 8, 2007) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).  The deliberate indifference factor "should be determined in light of the prison authorities' current attitudes and conduct."  <u>Helling</u>, 509 U.S. at 36.  Although "the adoption of a smoking policy . . . will bear heavily on the inquiry into deliberate indifference," <u>id.</u> at 36, allegations of ignored requests for a non-smoking unit, together with knowledge of a prisoner's medical condition, may satisfy the subjective prong of the <u>Helling</u> test.  <u>See</u> <u>Edwards</u>, 2007 WL 81884, at *7; <u>Patel v. Warren</u>, No. A-07-CA-760-SS, 2007 WL 2818056, at *7 (W.D. Tex. Sept. 26, 2007).

Moving Defendants contend that Plaintiff cannot satisfy the subjective prong of <u>Helling</u> because ADTC is a smoke-free institution, the staff enforces the provisions of the policy, and all of Plaintiff's grievances were promptly addressed and resolved.  This Court disagrees.

While the implementation of a no-smoking policy can indicate a lack of deliberate indifference, the existence of a policy is not dispositive.  <u>See</u> <u>Edwards</u>, 2007 WL 81884, at *7 (holding that Plaintiff's allegations that a prison's nonsmoking policy was not enforced and his repeated requests for a non-smoking unit were ignored could support a claim of deliberate indifference such that dismissal was not appropriate); <u>Patel</u>, 2007 WL 2818056, at *7 (holding

13

that dismissal was inappropriate where plaintiff claimed defendants ignored non-smoking policy and refused Plaintiff's requests for non-smoking housing).

Here, Plaintiff alleges that, despite a no-smoking policy, he was exposed to excessive levels of ETS.  He asserts that Moving Defendants have neither ceased the sale of tobacco products nor enforced the no-smoking policy.  This Court finds that Plaintiff has alleged facts sufficient to survive a motion to dismiss.

**D.**     **Plaintiff Has Alleged Facts Sufficient to Support a Fourteenth Amendment Claim, But Not a Fifth Amendment Claim**

Moving Defendants assert that Plaintiff's Section 1983 claims relying on the Fifth and the Fourteenth Amendments must fail because he has not alleged facts to support an equal protection claim.

Plaintiff cannot, as a matter of law, sustain a Section 1983 claim against Moving Defendants alleging violation of his Fifth Amendment rights.  The Fifth Amendment restricts only federal government action.  Nguyen v. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983). Since the Amended Complaint does not allege claims against any federal actors, Plaintiff's Section 1983 claim for violation of the Fifth Amendment must be dismissed.

The analysis of Plaintiff's Fourteenth Amendment claim, however, is less straightforward.  The Fourteenth Amendment of the Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. CONST. amend. XIV.  Due process rights are divided into two areas: substantive due process, and procedural due process.

Substantive due process mandates that "a property interest that falls within the ambit of

14

substantive due process may not be taken away by the state for reasons that are arbitrary, irrational, or tainted by improper motive, or by means of government conduct so egregious that it shocks the conscience[.]"  Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (internal citations and quotations omitted).  "To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies."  Id. at 139-40.

Procedural due process, on the other hand, requires notice and a hearing to be given to any person that is deprived of a life, liberty, or property interest.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).

The Fourteenth Amendment also ensures that a person is not denied "equal protection of the laws."  U.S. CONST. amend. XIV.  The equal protection clause "does not require the state to treat all persons alike."  Price v. Cohen, 715 F.2d 87, 91 (3d Cir. 1983).  "To establish a violation of the equal protection clause, a plaintiff must show that the allegedly offensive categorization invidiously discriminates against the disfavored group."  Id.

Moving Defendants correctly point out that Plaintiff failed to allege membership in a class or category of individuals experiencing discrimination at the hands of Moving Defendants. Prisoners, generally speaking, do not inherently constitute a suspect classification, and state regulations of prisoners are deemed "presumptively constitutional."  Myrie v. Comm'r, N.J. Dept. of Corr., 267 F.3d 251, 263 (3d Cir. 2001).[3]  The Amended Complaint focuses solely on

---

[3]  This Court acknowledges that a plaintiff may identify a "particular inmate sub-group" sufficient to challenge a prison policy on equal protection grounds.  Id. at 263-64.  Even with a liberal construal of the Amended Complaint, however, this Court has not been able to identify any such allegation raised by Plaintiff.

the constitutional violations allegedly experienced by Plaintiff, and does not allege, expressly or impliedly, that the grievances occurred or endured due to Plaintiff's membership with a particular class of persons.

While Plaintiff has not alleged facts sufficient to assert an equal protection violation, Plaintiff nevertheless may have presented facts supporting violation of his Fourteenth Amendment rights.  Moving Defendants have offered no arguments explaining that Plaintiff failed to allege a violation of a fundamental right, such that he was not entitled to procedural due process.  Moving Defendants also have not asserted in their motion papers that Plaintiff failed to allege a violation of his substantive due process rights.  Since "defendant bears the burden of showing no claim has been stated," Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000)), Plaintiff's Section 1983 claim for violation of the Fourteenth Amendment shall not be dismissed.

**E.**     **Dismissal of Plaintiff's Claim for Punitive Damages is Not Appropriate**

Punitive damages are available in a Section 1983 action where the "defendant's conduct is shown to have been motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983); see also Bennis v. Gable, 823 F.2d 723, 734 (3d Cir. 1987).  "Punitive damages are awarded in the jury's discretion to punish [the defendant] for his outrageous conduct and to deter him and others from similar conduct in the future."  Smith, 461 U.S. at 54.

Moving Defendants argue that Plaintiff has not alleged that they acted with an evil motive or callous indifference towards his rights, and that Plaintiff's various grievances were addressed by ADTC personnel.  However, Plaintiff alleges that his concerns regarding secondhand smoke

exposure and mail tampering were not addressed, despite his repeated complaints.  Plaintiff's

allegations are sufficient to survive a motion to dismiss his request for punitive damages.

**F.**     **Plaintiff Has Alleged Facts Sufficient to Seek Compensatory Damages**

Damages are available under Section 1983 for proven violations of constitutional rights

that have caused actual compensable injury.  Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir.

2000).  Moving Defendants argue that Plaintiff has not alleged any actual injury.  This Court

disagrees.

Plaintiff alleges that his respiratory ailments have worsened significantly due to his

exposure to tobacco smoke, and that he has developed other symptoms, such as chest pain.  (Am.

Compl. at 4.)  Plaintiff also alleges that his pending cases have been negatively affected by

Moving Defendants' alleged mistreatment of Plaintiff's mail.  (Id. at 5.)  This Court finds that

these alleged facts are sufficient for Plaintiff to seek compensatory damages.

## IV.  CONCLUSION

For the reasons stated above, the motion to dismiss shall be granted, in part, and denied,

in part.  The Section 1983 claims raised against Moving Defendants in their official capacities

shall be dismissed.  In addition, Plaintiff's Section 1983 claim based on violation of the Fifth

Amendment shall be dismissed.  Plaintiff's remaining claims shall survive.


     S/Joseph A. Greenaway, Jr.

JOSEPH A. GREENAWAY, JR., U.S.D.J.


Date: June 16, 2008

17