NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES S. SLAUGHTER, a/k/a UMAR ALIKHAN, | : : : : : | Civil Action No. 07-2163 (JAG) |
| Plaintiff, | : : | **OPINION** |
| v. | : : |  |
| GRACE ROGERS, et al., | : : |  |
| Defendants. | : : |  |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Amended Complaint by defendant Philip Morris USA, Inc. ("Philip Morris"), pursuant to FED. R. CIV. P. 4(m). For the reasons stated below, this motion shall be granted.

### I. BACKGROUND

Pro se plaintiff Charles Slaughter ("Plaintiff") is a prisoner at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey. (Am. Compl. at 3.) Plaintiff alleges that Moving Defendants "continue[] to sell tobacco products at A.D.T.C., which it dose [sic] with knowledge of the documented health risk that tobacco products pose to the public." (Id. at 9.) Plaintiff asserts that Moving Defendants "shar[ed] these profits with their partners by estoppel the State of New Jersey under the Master Settlement Agreement, at the health expense and risk being placed upon the Plaintiff." (Id.)

Plaintiff asserts that this Court has jurisdiction over his claims under 42 U.S.C. § 1983 pursuant to "the First Amendment, Eighth Amendment, Fifth Amendment, Fourteenth Amendment, 1997(e)e, violation of New Jersey's Clean Air Act N.J.S.A. 26.3D 55-63 [sic] and 28 U.S.C. § 1915(g)." (Id. at 1-2.)  In his prayer for relief, Plaintiff requests "monetary awards against the tobacco industry that is responsible for the making of the tobacco products that are contributing to our present illness as well as to any future medical illness that can arise from second hand [sic] smoke." (Id. at 5.)  Plaintiff specifically requests an award of $10 million from each tobacco company named as a defendant in the Amended Complaint.  (Id.)

On June 20, 2007, at 4:40 p.m., the United States Marshal Service served a copy of the Summons and Complaint upon Becky Haden, a legal assistant, at 714 Green Valley Road in Greensboro, North Carolina.  Philip Morris contends, however, that it "does not employ, and has never employed, a registered agent located at that address.  (Aff. of David Schieferstein ("Schieferstein Aff."), attached as Ex. B to Certif. of Carlyne B. Turner-Beverly, Esq. ("Turner-Beverly Certif.").  Furthermore, Philip Morris asserts that Becky Hayden is not, and has never been, a registered agent for the company.  (Id.)

## II.  STANDARD OF REVIEW

Philip Morris argues that this Court lacks personal jurisdiction because Plaintiff did not properly serve the Summons and Complaint, in accordance with Federal Rule of Civil Procedure 4.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

2

the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." Carpenter v. Young, No. 04-927, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004) (internal quotations and citations omitted).

### III. ANALYSIS

A plaintiff must serve upon the defendant a copy of the summons and complaint within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). Rule 4(e) states that an individual may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction . . . ; or
> (2) doing any of the following:
>     (A) delivering the summons and complaint to the individual personally;
>     (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode, with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The New Jersey rule governing service of process upon an individual is akin to the three options outlined in Rule 4(e)(2). See N.J. R. SUPER. TAX SURR. CTS. CIV. R. 4:4-4(a)(1).

Here, Plaintiff's directive that the U.S. Marshal Service deliver the Complaint and Summons to 714 Green Valley Road in Greensboro, North Carolina constitutes an attempt to serve Philip Morris, in accordance with FED. R. CIV. P. 4(e)(2)(C). Philip Morris contends that Plaintiff failed to effectuate service, since Becky Hayden is not a registered agent of the

company.  (Schieferstein Aff.)  In fact, Philip Morris states, the company has never employed an individual by the name of Becky Hayden.  (Id. at ¶ 6.)

David Schieferstein, Senior Counsel at Philip Morris, also attests that the company does not even have an office at 714 Green Valley Road in Greensboro, North Carolina, and that, "[o]n information and belief, public records reflect that the building . . . is occupied by Lorillard Tobacco."  (Id. at ¶¶ 4-5.)  Since March of 2004, Philip Morris "has allowed personal service of process to be accepted on the [c]ompany's behalf only at [its] corporate headquarters in Richmond, VA or by way of appropriate service on CT Corporation, our registered agent for service of process, in states other than Virginia."  (Id. at ¶ 7.)

In response, Plaintiff states that Becky Hayden "forwarded the Complaint and Summons to Philip Morris at their corporate address via U.S. Postal Service . . . ," and that, as a result, Philip Morris had actual notice of this lawsuit.[1]  (Pl. Sur-reply Br. at 2.)  However, Plaintiff provides no proof that the Summons and Complaint were forwarded to Philip Morris.

Furthermore, "[a]lthough notice underpins Federal Rule of Civil Procedure 4 concerning

---

[1] On October 26, 2007, Plaintiff filed an opposition brief purporting to respond to Philip Morris' motion, as well as four separate motions to dismiss filed by defendants John Middleton, Inc.; Lorillard Tobacco Company; R.J. Reynolds Tobacco Company; Brown & Williamson Holdings, Inc.; Lane Limited; and M. Bernstein & Sons.  However, Plaintiff's opposition brief never addressed Philip Morris' contention that service was improperly effectuated.  Instead, Plaintiff addresses Philip Morris' argument in a sur-reply brief filed on November 14, 2007 (Docket Entry No. 102).

On December 3, 2007, Philip Morris filed a motion to strike Plaintiff's sur-reply brief as improperly filed.  Procedurally, Philip Morris is correct.  L. CIV. R. 7.1(d)(6) expressly provides that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned."  Plaintiff did not first seek this Court's permission to file a sur-reply.  Technically, this failure is a sufficient basis to grant the motion to strike; however, since this Court rejects the arguments raised by Plaintiff in the sur-reply brief, Philip Morris' request is moot.

service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction." Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993); see also Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 885-86 (8th Cir. 1996). "A district court's power to assert in personam authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4." Grand Entm't Group, 988 F.2d at 492 (emphasis omitted).

In a case such as this, where the Summons and Complaint were not even sent to a Philip Morris office, this Court cannot approve of Plaintiff's method of service based solely on his unsupported declaration that Becky Hayden or her supervisor forwarded the Complaint and Summons to Philip Morris. Cf. Baldwin v. Celotex Corp., No. 86-2657, 1986 WL 13299, at *2 (E.D. Pa. Nov. 17, 1986) (holding that attempt to serve defendant at two of its offices was proper, despite the fact that papers were given to individual who was not an officer or authorized agent of the corporation, because defendant received actual notice of the case as a result of the service).

Plaintiff has not satisfied his burden of demonstrating the validity of service. As Plaintiff has not set forth evidence showing good cause for the failure to serve the Summons and Complaint properly upon Philip Morris, all claims against Philip Morris shall be dismissed, without prejudice.

## IV.  CONCLUSION

For the reasons stated above, Philip Morris' motion to dismiss shall be granted, without prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: June 24, 2008